UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>**A & C TRUCKING, LLC,** a Washington limited-liability corporation; **CORY'S TRUCKING, LLC**, a Washington limited-liability; and **CORY HENNING,** an Individual.<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT** |

  **COMES NOW, MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Secretary" or "Plaintiff"), by and through his undersigned attorneys, hereby alleges as follows:

  1. This is an action to enforce the employee protection provisions of the Surface Transportation Assistance Act of 1982 ("STAA"), 49 U.S.C. § 31105, and its implementing regulations, 29 C.F.R. § 1978.100, *et seq*., requesting the entry of judgment against defendants A & C TRUCKING, LLC, CORY'S TRUCKING, LLC (collectively "Trucking Companies") and CORY HENNING ("Henning Jr.") in accordance with a Non-Appealable Final Order of the Secretary of Labor.

Complaint Page | 1

2. The court has jurisdiction over this action pursuant to 49 U.S.C. § 31105(e) and 28 U.S.C. §§ 1331 and 1345.

3. At all times relevant to this Complaint, A & C Trucking, LLC was and is a limited-liability corporation organized under the laws of the state of Washington. A & C Trucking, LLC engaged/engages in interstate trucking/transportation operations within the state of Washington and elsewhere, and has identified and/or registered 9842 Washougal River Road, Washougal, Washington as its principal place of address with the Secretary of State for the state of Washington and is therefore within the jurisdiction of this Court.

4. At times relevant to this Complaint, A & C Trucking, LLC conducted business at 33714 SE 27th Street, Washougal, Washington ("Washougal Yard"), within the jurisdiction of this Court.

5. Cory's Trucking, LLC, at all times hereinafter mentioned was and is, a limited-liability corporation organized under the laws of the state of Washington. Cory's Trucking, LLC engaged/engages in interstate trucking/transportation operations within the state of Washington and elsewhere, and has identified and/or registered the Washougal Yard (33714 SE 27th Street, Washougal, Washington) as its principal place of business, within the jurisdiction of this Court.

6. Cory Henning ("Henning, Jr.") is, and at all times hereinafter mentioned was, a Governor of Defendant A & C Trucking, LLC (along with his father Alan Henning as co-Governor), and the Governor for Defendant Cory's Trucking, LLC, conducts business and resides in the County of Clark, State of Washington.

7. Cory's Trucking, LLC is a mere continuation/alter ego of A & C Trucking, LLC as they share the same business purpose, assets, staff, location, operations and governance, and is therefore a successor in interest of A & C Trucking, LLC.

Complaint Page | 2

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750

8. Defendants A & C Trucking, LLC, Cory's Trucking, LLC and Cory Henning, Jr. are persons within the meaning of 49 U.S.C. § 31105(a)(1).

9. Zachary J. Frost ("Frost") was an employee of A & C Trucking, LLC within the meaning of 49 U.S.C. § 31101(2) in that he worked as a driver of a commercial motor vehicle, i. e. a vehicle with a gross vehicle weight or a gross vehicle weight rating of 10,001 or more pounds, until on or about August 26, 2019, at which time he was effectively terminated from his employment.

10. On or about August 25, 2019, A & C Trucking, LLC, by and through Defendant Henning, Jr, directed Frost to go to Portland, Oregon to pick-up/haul a load from Portland to Auburn, Washington.

11. Like most other work days, on August 26, 2019, Frost maintained regular contact with Defendant Henning, Jr., via text message and telephone.  In these communications, Frost expressed concern about the safety/stability of the load he was tasked to pick up and haul.

12. Shortly after Frost picked up the load as instructed, he stopped at the first rest area on his route because the load shifted in transit.  Frost called Defendant Henning, Jr. and explained the status/his concern about the safety of the load.  Soon after Frost spoke to Defendant Henning, Jr., father Alan Henning called Frost to suggest another method to tie down/secure the load.

13. Frost attempted to secure the load per Alan Henning's instructions but was unsuccessful.  A & C Trucking, LLC then instructed Frost to continue/resume hauling the load to the designated end-location.  Frost obliged and shortly thereafter, the load shifted again, preventing Frost from seeing down the right side of the trailer.

14. Frost stopped at the next rest stop and again called Defendant Henning, Jr. In response to Frost's update on the shifting load, Henning, Jr. advised Frost that he would try to resolve the situation.

Complaint Page | 3

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750

15. In the interim, Frost called the Washington State Trooper's Commercial Vehicle Enforcement Division and spoke with State Trooper McMullen. Trooper McMullen referred Frost to Sargent Fisher as Fisher was in the same county as Frost.

16. Based on information Frost provided, Sargent Fisher advised that the load Frost was hauling needed to be fixed/secured before it could be moved.

17. Frost then called Defendant Henning, Jr. once more. The call was placed on speakerphone so both Henning, Jr. and father Alan Henning could participate in the call.

18. Frost told the two about his conversation with Sargent Fischer to which Alan Henning interjected "so you went behind my back." Father Alan Henning and Frost continued speaking and then Alan Henning cut off Frost and said "so you aren't gonna run this load?" Frost replied he was not comfortable and Alan Henning responded "we're done, you're done!" Defendant Henning, Jr. then told Frost that he would call him back—he did not.

19. Shortly thereafter, father Alan Henning called Frost and instructed him to prep the trailer. An employee of A & C Trucking, LLC whom Frost was familiar later appeared at the truck site. The employee inspected the truck, trailer and load before calling Alan Henning to confirm the release/condition of the truck, trailer and load. Frost was instructed to surrender the keys to truck to the A & C Trucking, LLC employee which he did.

20. The next day, on or about August 27, 2019, Frost sent a text message to Defendant Cory Henning, Jr. wherein Frost inquired about his employment status. Specifically, Frost texted "Am [I] [sic] fired or not?" Henning, Jr. did not respond to this message.

21. On August 28-30, 2019, Frost and Defendant Henning, Jr. communicated about his last hours worked and payment therefor. On August 31, 2019, Defendant A & C Trucking, LLC sent Frost his last paycheck (with an additional smaller amount paid shortly thereafter).

Complaint Page | 4

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750

22. On or about September 26, 2019, Frost timely filed a retaliation complaint with the Occupational Safety and Health Administration ("OSHA") against A & C Trucking, OSHA Case No. 0-1960-19-182, alleging retaliation/termination based on his expressed safety concerns and/or his refusal to haul an unsafe load and/or because he reported safety concerns to the Washington State Trooper's Commercial Vehicle Enforcement Division.

23. On or about October 10, 2019, OSHA notified A & C Trucking, by and through father-and-son team Alan Henning and Henning, Jr., of Frost's complaint of retaliation for violating the employee protection provisions of the Surface Transportation Assistance Act of 1982, 49 U.S.C. § 31105 ("October 10, 2019 Notification"). The notification requested a position statement with supporting documentation within twenty days.

24. On or about October 31, 2019, OSHA spoke with Defendant Henning, Jr. The two discussed alternative dispute resolution with respect to Frost's complaint but Henning, Jr. indicated he was not interested in settlement. Defendant Henning, Jr. told OSHA that he would be providing a statement of position and evidence to OSHA's October 10, 2019 Notification shortly.

25. On or about November 11, 2019, OSHA received a three-page typed response/position statement (with an attachment) to its October 10, 2019 Notification. The response did not contain a date, addressee, header, signature, or other indication identifying the sender but the hand-written return address on the envelope was listed as "A & C Trucking, LLC, 33714 SE 27th Street, Washougal, Washington, 98761" (the Washougal Yard). The response/position contained no evidence.

26. On or about November 12, 2019, OSHA sent A & C Trucking an email, advising that it received its response to the October 10, 2019 Notification and it again requested Defendants submit evidence in support of its position. That day, A & C Trucking, LLC responded to the email by calling OSHA via telephone. The parties discussed the status of the investigation. No evidence was submitted.

Complaint Page | 5

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750

27. Having received nothing further from A & C Trucking, LLC or its principals, on June 10, 2020, OSHA sent a follow-up email addressed to A & C Trucking, LLC and once more requested evidence in support of its position relative to Frost.

28. On June 30, 2020, OSHA received an email response from Defendant Henning, Jr. which read in its entirety: "We are no longer in business, this email is not checked often, Please send requests to: 33714 SE 27th St[.,]Washougal, WA 98671[.] Thank You."  Defendant Henning, Jr. failed to respond to OSHA's requests for information/evidence to support his position.

29. On July 7, 2020, after attempting to reach the principals via telephone to no avail, OSHA sent a letter to Defendants Cory Henning, Jr. and A & C Trucking to the Washougal Yard address (the very same address Defendant Henning, Jr. provided to OSHA on June 30, 2020) via United Parcel Service ("UPS").  The letter referred to the open STAA investigation, requested cooperation and requested specific evidence in support of the Defendants' position.  UPS delivered the letter on July 10, 2020.

31. On August 17, 2020, OSHA received a letter from A & C Trucking dated August 6, 2020.  The letter was not signed but the letter identified A & C Trucking as the sender.  The letter took issue with Frost's STAA complaint but provided no evidence.  In addition, the sender asserted that any further letters OSHA may send to it will not be "considered delivered" unless a signature was obtained.

33. On September 14, 2020, after attempting to reach the principals via telephone to no avail, OSHA sent another letter via UPS to Defendants Henning, Jr. and A & C Trucking, LLC to the Washougal Yard address.  The letter referred to the open STAA investigation, requested cooperation and again requested specific evidence in support of the Defendants' position.  UPS obtained a delivery signature and delivered the letter on September 21, 2020.  OSHA's September 14, 2020 letter went unanswered.

34. On July 9, 2021, OSHA issued its findings in this matter ("OSHA's Findings").  Specifically, OSHA found that reasonable cause existed to believe that A/C Tucking, LLC and Henning, Jr. violated STAA when they terminated Frost on August

Complaint Page | 6

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750

26, 2019 because he expressed safety concerns, refused to drive a load he believed was unsafe and/or spoke to the Washington State Trooper's Commercial Vehicle Enforcement Division. OSHA's Findings found that Cory's Trucking, LLC was a successor in interest; thus, OSHA's Findings were issued to and against A/C Trucking, LLC, Cory's Trucking, LLC and Cory Henning. OSHA's Findings were sent to the Washougal Yard address via UPS and to Trucking Companies' registered agent for process.

35. OSHA's Findings also contained the Secretary of Labor's Preliminary Order ("Secretary's Preliminary Order). The Secretary's Preliminary Order required, among other things, for A/C Trucking, LLC, Cory's Trucking, LLC and Henning, Jr. to: immediately reinstate Frost;[1] pay Frost backwages due in the amount of $37,257.52 (plus interest accrued thereon, which continues to accrue until full backwages are paid); and to pay Frost punitive damages in the amount of $10,000.

36. The Secretary' Findings and Preliminary Order provided that: "Respondent … ha[s] 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review. Objections must be filed in writing with: **Primary method** - via email to: OALJ-Filings@dol.gov[;] **Secondary method** - (if unable to file via email) via hard copy submission to: Chief Administrative Law Judge[;] Office of Administrative Law Judges[;] U.S. Department of Labor[;] 800 K Street NW, Suite 400 North[;] Washington, D.C. 20001-8002[.]"

37. On July 22, 2021, OSHA received a letter from Alan Henning/A &C Trucking. The July 22, 2021 letter took issue with OSHA's findings and asserted that mail addressed to Cory's Trucking, LLC would no longer be accepted.

38. A & C Trucking, LLC, Cory's Trucking, LLC and Henning, Jr. *failed to lodge an objection with the Office of Administrative Law Judges as the Findings clearly*

---

[1] Reinstatement is no longer required, but the rest of the Secretary's Non-Appealable Final Order remains in full legal effect.

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750

*and unequivocally instruct* (emphasis added).  In fact, upon information and belief, and despite receiving OSHA's Findings and Preliminary Order and otherwise being afforded ample due process, no one on behalf of A & C Trucking, LLC, Cory's Trucking, LLC and/or Henning, Jr. failed to timely submit anything whatsoever to the Office of Administrative Law Judges.

39. Under STAA and its implementing regulations, the Secretary's Preliminary Order became a final Non-Appealable Order of the Secretary of Labor by operation of law. ("Secretary's Final Order").  49 U.S.C. § 31105(b)(2)(B) (if there is no objection to the findings and preliminary order within 30 days, the preliminary order becomes a final order of the Secretary and is not subject to judicial review).

40. The STAA further provides that "if a person fails to comply with an order issued under subsection (b) of this section, the Secretary shall bring a civil action to enforce the order in district court of the United States for the judicial district in which the violation occurred." 49 U.S.C. § 31105(e).

**WHEREFORE**, the Secretary respectfully requests this Court ENFORCE THE SECRETARY'S FINAL ORDER BY ENTERING JUDGMENT AGAINST A & C Trucking, LLC, Cory's Trucking, LLC and Henning, Jr. as follows:

1. Enforcing the Secretary's Final Order by ordering Defendants A & C Trucking, LLC, Cory's Trucking, LLC and Cory Henning, Jr. to immediately restore wages due Zachary Frost, at the rate $25.00 per hour, at a minimum of 6.3 hours per day (average), for the period August 26, 2019 through and including July 2021.  As of July 10, 2021, this amounts to $37,257.52, with interest continuing to accrue in accordance with 26 U.S.C. § 6621 until such time as all backwages and interest are paid in full.

2. Enforcing the Secretary's Final Order by ordering Defendants A & C Trucking, LLC, Cory's Trucking, LLC and Cory Henning, Jr. to immediately pay Zachary Frost punitive damages in the amount of $10,000.

Complaint Page | 8

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750

3. Enforcing the Secretary's Final Order by ordering Defendants A & C Trucking, LLC, Cory's Trucking, LLC and Cory Henning, Jr. to immediately expunge Complainant's employment records of any reference to the exercise of his rights under STAA.

4. Enforcing the Secretary's Final Order by ordering Defendants A & C Trucking, LLC, Cory's Trucking, LLC and Cory Henning, Jr. to not further retaliate or discriminate against Zachary Frost in any manner for instituting or causing to be instituted any proceeding under or related to STAA.

5. For such other and further relief as the Court deems just and appropriate.

Dated: November 16, 2021

SEEMA NANDA
Solicitor of Labor

SUSAN G. KUMLI
Acting Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor and
Counsel for Whistleblower Programs

/s/ Danielle L. Jaberg
DANIELLE L. JABERG
Senior Trial Attorney
Attorneys for Secretary of Labor

U.S. Department of Labor

Complaint Page | 9

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750