UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARTIN J WALSH,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>A&C TRUCKING LLC, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:21-cv-05847<br><br>ORDER POST PRETRIAL CONFERENCE |

1. **Trial Date and Duration**

    a. **Trial dates:** February 2, 2023 and February 3, 2023

    b. **Trial schedule:**

    　　i. Thursday and Friday

    　　ii. Hours: 9:00 a.m. to 4:30 p.m., with two 15-minute breaks at 10:30 a.m. and 2:45 p.m.

    　　iii. Should trial extend into Friday, the Court will start trial in the afternoon because of other matters on the Court's docket that morning.

ORDER POST PRETRIAL CONFERENCE - 1

    **c. Issues for trial:**

        i. Claims

           1. Plaintiff seeks to enforce the Secretary of Labor's Final Order under 49 U.S.C. § 31105(e).

              a. 49 U.S.C. § 31105(e): If a person fails to comply with an order issued [by the Secretary of Labor], the Secretary of Labor shall bring a civil action to enforce the order in the district court of the United States for the judicial district in which the violation occurred.

              b. Plaintiff argues the Secretary of Labor's Preliminary Order finding Defendants violated the Surface Transportation Assistance Act (STAA) became a final, non-appealable order because Plaintiff failed to object and request a hearing before an ALJ pursuant to 49 U.S.C. § 31105(b)(2)(B)

        ii. Defenses

           1. Defendant claims he timely objected but was denied a hearing before the ALJ.

           2. Defendant "seeks to be exonerated from this Civil Action" and says, "this order was obtained against [Defendants] without the application of Law." (Dkt. No. 42 at 2.)

        iii. Relief

           1. Plaintiff seeks enforcement of the Secretary's Order requiring Defendants to immediately restore Mr. Frosts wages of $37,257.52 with interest, pay $10,000 in punitive damages, expunge Mr. Frost's employment records, not further retaliate or discriminate against Mr. Frost, and posting for 60 consecutive days the notice provided by the Secretary's order.

    **d. Estimated length of trial:** 2 days

    **e. Timed trial:** total length of two days total.

    **f. COVID-19 protocol:** Court does not have a mandatory mask mandate.

2. **Motions in Limine**

    a. Oral ruling made at Pretrial Conference on January 24, 2023: Court DENIED the Plaintiff's single motion in limine and will wait to decide on evidentiary matters at trial.

3. **Court Filings**

    a. The parties provided a proposed pretrial order (Dkt. No. 42.) Plaintiff provided its proposed findings of fact (Dkt. No. 40) and trial brief (Dkt. No. 41).

    b. The Court instructed Mr. Henning to immediately file his trial brief and proposed findings of fact and conclusions of law if he chooses to submit these documents to the Court before trial.

    c. **Submitting evidence**

        i. An exhibit list in Microsoft Word format must be emailed to Gretchen Craft, Courtroom Deputy, at gretchen_craft@wawd.uscourts.gov by January 26, 2023.

        ii. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs, as well as on a thumb drive in PDF format (scanned using Optical Character Recognition if possible and encoded as a searchable PDF). The original and two copies of the trial exhibits must be delivered to Ms. Craft no later than seven days prior to the trial date (**January 26, 2023**). If JEEPS is being used, only one set of paper exhibits is required.

        iii. Witness lists indicating the order in which your witnesses will testify at trial must be provided to Ms. Craft in Word format no later than **January 27, 2023**.

    d. **Settlement**

        i. **Deadline to notify court of settlement:** because this is a bench trial, the parties should notify the Court by **February 1, 2023.**

4. **Opening statements:**

    a. Length of opening statements: The Court anticipates Plaintiff and Defendant's statements will be brief.

    b. The Court will remove the lectern and allow questioning from counsel's table.

5. **Closing arguments**

ORDER POST PRETRIAL CONFERENCE - 3

a. Court will inform parties if it requires post-trial findings of fact or post-trial brief.

6. **Plaintiff's witnesses (no experts):**

    a. Jared H. Klein, OSHA Regional Investigator (will testify)

    b. Ray Watson, Government Information Specialist for OHSA (likely testify)

    c. Megan Eldridge, OSHA Supervisory Investigator (may testify)

    d. Cory Henning (may testify)

    e. Alan Henning (may testify)

    f. Any witness identified by Defendant (may testify)

7. **Defendant's witnesses:**

    a. Alan Henning (will testify)

    b. Cory Henning (will testify)

    c. Danielle L. Jaberg: The Court informed Mr. Henning that Ms. Jaberg is unlikely to be permitted to testify as a fact witnesses. If Mr. Henning objects to the Court's reasoning, Mr. Henning can make a formal motion in writing and submit it to the Court no later than **Friday January 27, 2023.**

    d. Any witness identified by Plaintiff (may testify).

8. **Notification of Witnesses:** Court expects the parties will extend professional courtesy by providing one day advance notice before calling a witness.

9. **Special witness needs/issues** (e.g., witnesses that need special accommodation such as out-of-town witnesses, witnesses with disabilities, witnesses that need interpreters.

    a. The Court GRANTS Plaintiff's motion to allow Megan Eldridge to appear remotely. The Court instructs Plaintiff to provide printed, hard copies of exhibits to the witness.

10. **Trial procedures regarding evidence**

    a. No demonstrative exhibits will be used.

    b. Deposition evidence: neither party has designated deposition evidence in the pre-trial order.

ORDER POST PRETRIAL CONFERENCE - 4

11. **Issues that Arise During Trial, After Court Hours:** Should an issue arise during trial after court hours, counsel are instructed to meet and confer to see if the issue may be resolved without court intervention. If such meet and confer efforts are unsuccessful, counsel must notify the courtroom deputy of the issue by email at [gretchen_craft@wawd.uscourts.gov](mailto:gretchen_craft@wawd.uscourts.gov).