UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARTIN J WALSH, Secretary of Labor, United States Department of Labor, <br><br>　　　　　　　　　Plaintiff, <br>　　v. <br><br>A&C TRUCKING LLC, et al., <br><br>　　　　　　　　　Defendants. | CASE NO. 3:21-cv-05847-DGE <br><br> FINDINGS OF FACT AND CONCLUSIONS OF LAW |

## I.　　INTRODUCTION

The Court heard this matter in a bench trial that began and ended on February 2, 2023. On January 10, 2023, the Court entered default against Defendant A&C Trucking LLC. (Dkt. No. 37.) On January 11, 2023, the Court entered default against Defendant Cory's Trucking LLC. (Dkt. No. 38.) The Court entered default against both Defendants for failing to obtain an attorney in violation of Local Civil Rule 83.2. (Dkt. Nos. 37 at 2; 38 at 2.) Plaintiff did not seek default judgment under Federal Rule of Civil Procedure 55(b). Neither A&C Trucking LLC nor Cory's Trucking LLC appeared at trial. Mr. Henning appeared pro se. The trial included testimony of witnesses and the admission of various exhibits into evidence. The parties submitted proposed, agreed findings of fact and conclusions of law.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

## II.    FINDINGS OF FACT

1. This is an action to enforce the employee protection provisions of the Surface Transportation Assistance Act of 1982 ("STAA"), 49 U.S.C. § 31105, and its implementing regulations, 29 C.F.R. § 1978.100, *et seq*. (*See* Dkt. No. 1.)

2. Zachary J. Frost ("Frost") worked as a driver for A & C Trucking, LLC.

3. On or about August 26, 2019, A&C Trucking, LLC and Cory Henning terminated Frost from his employment after Frost expressed safety concerns about a load he was driving.

4. On or about September 26, 2019, Frost filed a retaliation complaint under STAA, with the Occupational Safety and Health Administration ("OSHA") against A & C Trucking.

5. OSHA assigned Jared Klein, Regional Investigator, Whistleblower Protection Program ("Investigator Klein"), to investigate Frost's complaint.

6. On July 9, 2021, following the conclusion of his investigation, Investigator Klein caused the issuance of the Secretary' Findings in this matter ("Secretary's Findings").

7. The Secretary's Findings found that reasonable cause existed to believe that A&C Trucking, LLC and Cory's Trucking LLC violated STAA when they terminated Frost on August 26, 2019 because of Frost's expression of safety concerns.

8. The Secretary's Findings also contained the Secretary of Labor's Preliminary Order ("Secretary's Preliminary Order").

9. The Secretary's Preliminary Order required, among other things, for A&C Trucking, LLC, and Cory's Trucking, LLC to: immediately reinstate Frost; pay Frost backwages due in the amount of $37,257.52 (plus interest accrued thereon, which continues to accrue

until full backwages are paid); and to pay Frost punitive damages in the amount of $10,000.

10. The Secretary's Findings and Preliminary Order provided that: "Respondent . . . ha[s] 30 days from the receipt of these Findings to file objections and to request a hearing before and Administrative Law Judge (ALJ).  If no objections are filed, these Findings will become final and not subject to court review."

11. The Secretary's Findings and Preliminary Order further provided that Objections must be filed in writing with:

> **Primary method** – via email to: OALJ-Filings@dol.gov
>
> **Secondary method** – (if unable to file via email) via hard copy submission to:
> Chief Administrative Law Judge
> Office of Administrative Law Judges
> U.S. Department of Labor
> 800 K Street NW, Suite 400 North
> Washington, D.C. 20001-8002

12. The Secretary's Findings and Preliminary Order was addressed as follows:

> A & C Trucking
> 33714 SE 27th St
> Washougal, WA 98671
>
> Cory Henning
> Cory's Trucking, LLC
> 2601 H St.
> Washougal, WA 98671
>
> Agent of Service
> Michelle Hans
> Roth Business Services, PLLC
> 8836 W Gage Blvd. Suite 204A
> Kennewick, WA 99336

13. Other than the address block in the Secretary's Findings and Preliminary Order, Cory Henning's name does not appear in the text of the Secretary's Findings and Preliminary Order. *See id.*

14. The Secretary's Findings and Preliminary Order was served on each Defendant via courier (USP).

15. A&C Trucking, LLC and Cory's Trucking, LLC did not file an objection with the Office of Administrative Law Judges as the Secretary's Findings and Preliminary Order instructed.

16. As of January 25, 2023, taking into account further interim earnings the Secretary discovered in the course of litigation, the updated backwage amount due Frost is $30,508.87 ($27,925.01 plus interest in the amount of $2,583.86), plus $10,000.00 in punitive damages, for a total of $40,508.87.

17. Interest on backwages due continues to accrue until all backwages plus all applicable interest calculated in accordance with 26 U.S.C. § 6621 is paid in full.

18. A&C Trucking, LLC, and Cory's Trucking, LLC have not complied with any of the terms of the Secretary's Findings and Preliminary Order.

### III.  CONCLUSIONS OF LAW

1. OSHA complied with all notice requirements regarding the Secretary's Findings and Preliminary Order in serving A&C Trucking, LLC and Cory's Trucking, LLC. *See* 29 C.F.R. § 1978.105(b).

2. OSHA did not provide Defendant Cory Henning notice that he was a responsible party under STAA. *See id.*

3. The Secretary's Preliminary Order became a Non-Appealable Final Order with respect to A&C Trucking, LLC and Cory's Trucking, LLC and, as such, is not subject

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

to court review. 49 U.S.C. § 31105(b)(2)(B); 29 C.F.R. § 1978.105.

4. This Court has the authority and jurisdiction to enforce the Secretary's Non-Appealable Final Order against Defendants A & C Trucking, LLC and Cory's Trucking, LLC. *See* 49 U.S.C. § 31105(e); 29 C.F.R. § 1978.106(b).

5. Pursuant to the Court's authority, the Court adopts the entirety of the Secretary's Non-Appealable Final Order as its own as to Defendants A & C Trucking, LLC and Cory's Trucking, LLC.

### IV.   ORDER

1. Pursuant to the Court's authority, the Court adopts the entirety of the Secretary's Non-Appealable Final Order as its own with respect to Defendants A & C Trucking, LLC and Cory's Trucking, LLC.

    a. Defendants A&C Trucking, LLC and Cory's Trucking, LLC are ordered to immediately pay Zachary Frost backwages and interest due in the amount of $37,257.52 (plus interest accrued thereon from the date January 25, 2023, which continues to accrue until full backwages plus all accrued interest is fully paid).

    b. Defendants A&C Trucking, LLC and Cory's Trucking, LLC are ordered to immediately pay Zachary Frost punitive damages in the amount of $10,000.00.

    c. Defendants A&C Trucking, LLC and Cory's Trucking, LLC are ordered to immediately expunge Zachary Frost's employment records of any reference to the exercise of his rights under STAA.

    d. Defendants A&C Trucking, LLC and Cory's Trucking, LLC shall not retaliate or discriminate against Zachary Frost in any manner for instituting or causing to be instituted any proceeding under or related to STAA.

  e. Defendants A&C Trucking, LLC and Cory's Trucking, LLC shall immediately post in a conspicuous place in or about each of their facilities, including in all places where notices for employees are customarily posted, including the Defendants' internal web site for employees or e-mails, if the Defendants customarily use one or more of these electronic methods for communicating with employees; and maintain for a period of at least 60 consecutive days from the date of posting, the notice to employees (Exhibit A to Proposed Judgment, Dkt. No. 60), to be signed by a responsible official of each and the date of actual posting to be shown thereon.

2. Defendants A&C Trucking, LLC and Cory's Trucking, LLC are ordered to provide the Secretary proof of each of the five listed requirements found in paragraphs a-e of this Judgment by submitting cancelled checks, a photograph of the posting identified in paragraph e, and notarized attestations that each Defendant has fully complied with the Judgment's requirements. Proof shall be provided to the undersigned within five business days of the requirement's competition. Defendant Cory Henning is dismissed with prejudice from this action.

Dated this 28th day of April, 2023.

                _____
                David G. Estudillo
                United States District Judge